Welch, J.
The first question is, whether the district court erred in refusing the evidence and overruling the motion of the plaintiff. We think not. The district court has no power over the records of the common pleas. The extent of its power in this respect is, to cause a correct and complete copy of the record to be sent up. The common pleas alone has power to alter or perfect its own records, and application should have been made to that court, and not to the district court for that purpose.
It only remains to inquire whether the alleged contract of' forbearance se't up by the defendant, was founded upon a sufficient consideration, so as to be binding on the plaintiff, and discharge the defendant as surety for David Newkirk. The contract of David was, to keep the money for a specified *299 time, and to pay therefor usurious interest. Under our laws this contract was void as to the excess above six per cent., but was good as to the six per cent. Here there was a valid promise by David, to keep the money for a specified period, and to pay six per cent, for that time for its use. Why was that promise not a good consideration for an agreement to forbear ? It surely was, and we only follow the decision made by this court in McComb v. Kittredge, 14 Ohio Rep. 348, in so holding. We think the common pleas erred in instructing the jury otherwise, and that the district court properly reversed the judgment.
Judgment of the district court affirmed.
Brinkerhoee, C.J., and Scott and White, JJ., concurred.